Anet C. Drapalski (SBN 282086)
   E-Mail: adrapalski@fisherphillips.com
Virginia Wong (SBN 334796)
   E-Mail: vwong@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendant
WAYFAIR LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| VICENTE MARTIN ANGULO SANTILLANO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR LLC, a Delaware Corporation, and DOES 1 through 20, Inclusive,<br><br>Defendant. | CASE NO.:<br><br>*[Removed from Riverside County Superior Court Case No. CVRI2504959]*<br><br>**DEFENDANT WAYFAIR LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C §§1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Case Cover Sheet, Corporate Disclosure Statement, Declarations of Valerie Bonilla and Anet C. Drapalski, Notice of Related Cases and Certificate of Interested Parties]*<br><br>Complaint Filed: September 11, 2025<br>Trial Date: Not Scheduled |

**TO PLAINTIFF, HIS COUNSEL OF RECORD, AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant WAYFAIR LLC ("WAYFAIR" or "Defendant") by and through its counsel of record Fisher & Phillips LLP, hereby submits this Notice of Removal and Petition to Remove this action from the Superior Court of the State of California, County of Riverside to the United States District Court for the Central District of California (Eastern Division) pursuant to 228 U.S.C. §§ 1332, 1441(b), and 1446. The grounds for removal are as follows:

## I. STATEMENT OF JURISDICTION

1. This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441(b).

## II. VENUE

2. This action was filed in the California Superior Court for the County of Riverside. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III. PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3. On September 11, 2025, Plaintiff Vicente Angula Santillano ("Plaintiff") filed a civil action in the Riverside Superior Court entitled *Vicente Martin Angulo Santillano v. Wayfair*, Case No. CVRI2504959 ("State Lawsuit"). *See* Declaration of Anet C. Drapalski ("Drapalski Decl."), ¶¶ 3–4, **Exhibit A** (Complaint).

4. The State Lawsuit alleges six causes of action for: (1) Discrimination in violation of the California Family Rights Act ("CFRA"); (2) Retaliation in violation of the CFRA; (3) Associational Disability Discrimination in violation of the Fair Employment

and Housing Act ("FEHA"); (4) Retaliation in violation of the FEHA; (5) Failure to Prevent Harassment in violation of the FEHA; and (6) Wrongful Termination in Violation of Public Policy.  *See* Drapalski Decl., ¶ 4, **Exhibit A**.

5. On October 7, 2025, Plaintiff served Wayfair with the Summons and Complaint. *See* Drapalski Decl., ¶ 4; *see also* Declaration of Valarie Bonilla ("Bonilla Decl."), ¶ 10.

6. As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Wayfair in the State Lawsuit.  Drapalski Decl., ¶ 6.

7. This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based.  *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999).  In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

**IV.   GROUNDS FOR REMOVAL**

    **A.   Complete Diversity of Citizenship Exists Between Plaintiff and Wayfair.**

8. Federal courts have original jurisdiction under 28 U.S.C. § 1332 (a) over matters wherein the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Diversity of citizenship must exist both at the time of when the State Court Action was filed and when removal is sought.  *Srasser v. KLM Royal Dutch Airlines,* 631 F.Supp. 1254, 1256 (C.D. Cal. 1986); *see also Morales v. Quest Diagnostics, Inc.*, No. 2:22-cv-08081-FLA, 2023 WL 7089921, at *2 (C.D. Cal. Oct. 26, 2023).

9. Here, complete diversity exists amongst the Parties because both are citizens of different states. Specifically, Plaintiff is a citizen of California and Defendant is a citizen of Massachusetts.  *See* Drapalski Decl., ¶ 4, **Exhibit A** (Compl., ¶ 1); Bonilla Decl., ¶¶ 5–8;

### i. Citizenship of Plaintiff

10. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain); *Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). The presumption of continuing domicile provides that, once established, a person's state of domicile continues unless rebutted. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013).

11. In his Complaint, Plaintiff alleges he "at all times relevant to this action, resided in Riverside County, California." *See* Drapalski Decl., ¶ 4, **Exhibit A** (Compl., at ¶ 5.) Nothing in the Complaint or other pleadings suggest otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California, as Riverside is located in California.

### ii. Citizenship of Wayfair

12. For diversity purposes, in determining the citizenship of a limited liability company, courts look to the citizenship of each member of the limited liability company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456–57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002) (unincorporated associations are not legal entities independent of their members).

13. At all times alleged in the State Lawsuit, at the time of the filing of this action, and at the time this Notice of Removal was filed, Wayfair was (and is) a *limited liability company* organized in the State of Delaware with its principal place of business in Boston, Massachusetts. *See* Declaration of Bonilla Decl., ¶ 5, **Exhibit C**.

14. At all times alleged in the State Lawsuit, at the time of the filing of this action, and at the time this Notice of Removal was filed, the sole member of Wayfair is SK Retail, Inc. ("SK Retail"). Bonilla Decl., ¶ 6. SK Retail, Inc. is now, and ever since this action commenced has been, incorporated under the laws of the State of Massachusetts. Bonilla Decl., ¶ 7, **Exhibit D**. Moreover, Boston, Massachusetts is the site of SK Retail, Inc.'s corporate headquarters and executive offices, where its high-level officers direct, control, and coordinate its activities. Bonilla Decl., ¶ 8. SK Retail's executive and administrative functions, including corporate financing and accounting, are directed from Boston, Massachusetts. *Id.* SK Retail's corporate decisions, including operational, executive, administrative and policymaking, are made from its Boston, Massachusetts headquarters, including human resources, finance and accounting, treasury, legal, payroll, and safety. *Id.*

15. Accordingly, Wayfair is a citizen of the state of Massachusetts **and not** California.

### iii. *Citizenship of Doe Defendants*

16. The Complaint also names as Defendants DOES 1 through 20 ("DOE Defendants"). The twenty "Doe" Defendants named in the Complaint are not considered in assessing diversity. *See*, *e.g.*, *Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

17. Because Plaintiff is a citizen of California and Wayfair is a citizen of Massachusetts, complete diversity of citizenship exists in this matter. The Parties are

therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## B. The Amount in Controversy Requirement is Satisfied.

18. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

19. The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. Indeed, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).

20. Where, as here, a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount in controversy plausibly exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

21. While Wayfair adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages, based upon the allegations contained in the Complaint, the amount of controversy in this action plausibly exceeds $75,000, exclusive of interest and costs. For purposes of determining the amount in controversy, a court must

assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839–40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy); *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination).

22. In the instant case, Plaintiff alleges six causes of action seeking recovery of economic and non-economic damages, including back-pay, front pay, benefits, compensatory and emotional damages, and medical expenses; pre-judgement and post-judgment interests; punitive damages attorneys' fees and cost of suit. *See* Drapalski Decl., ¶ 4, **Exhibit A**, (Compl. at Prayer ¶¶ 1–7.)[1]

23. As part of the State Lawsuit, Plaintiff alleges he was employed as a Warehouse Associate with Wayfair until March 21, 2025. *See* Drapalski Decl., ¶ 4, **Exhibit A** (Compl. ¶¶ 11, 16.) In his Complaint, Plaintiff alleges that Wayfair discriminated and retaliated against him because of his son's and/or his serious health condition and requests for medical leave of absence, resulting in his termination of employment on March 21, 2025. *See* Drapalski Decl., ¶ 4, **Exhibit A** (Compl., at ¶¶ 12–15, 17, 23–24, 35–36, 47, and 88.)

---

[1] Wayfair does not concede Plaintiff has stated a claim on which relief can be granted, that he suffered any damages, that Wayfair engaged in any unlawful conduct, or that Wayfair is responsible for any damages he may have suffered. In fact, Wayfair denies all of these allegations. Wayfair reserves all defenses, including but not limited to defenses relating to failure to mitigate and the after acquired evidence defense. Moreover, Wayfair does not concede Plaintiff is entitled to front pay damages and in fact denies Plaintiff was damaged by any of Wayfair's alleged conduct. Wayfair reserves all of its defenses.

24. Moreover, Plaintiff asserts that as a result of his allegedly unlawful termination, Plaintiff has suffered lost wages and benefits, diminished earning capacity, mental pain, mental suffering, and medical/incidental expenses. *See id.*, Compl., at ¶¶ 25–27, 37–39, 48–50, 60–62, 77–79, and 89–91 .

25. Plaintiff also accuses Wayfair of acting with malice and oppression with Wayfair having full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. *See* Drapalski Decl., ¶ 4, **Exhibit A** (Compl., at ¶¶ 28, 40, 51, 63, 80, and 92.) Finally, Plaintiff alleges Wayfair acted fraudulently, by concealing the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. *See* Drapalski Decl., ¶ 4, **Exhibit A** (Compl., at ¶¶ 28, 40, 51, 63, 80, and 92.)

26. Notably, in his last full calendar year of employment with Wayfair, Plaintiff earned W-2 wages of $50,901.21. Bonilla Dec. at ¶ 11, **Exhibit E**. At the time of his termination Plaintiff earned an hourly rate of $20.75 and his average weekly wages were $978.87 ($50,901.21 over 52 weeks). *See* Bonilla Decl. ¶11, **Exhibit E**.

27. Given that Plaintiff alleges his employment was separated effective March 21, 2025 just through the filing of this removal, he will have exactly 33 weeks of alleged past lost wages to date, or approximately $32,302.71 (i.e., $978.87 weekly wages over 33 weeks) as of the date of this Notice of Removal. *See* Drapalski Decl., ¶ 4, **Exhibit A** (Compl., at ¶ 16); Bonilla Decl., ¶ 11, **Exhibit** E. However, it is likely that Plaintiff will seek lost wages from the date of his alleged termination through trial. It is also likely that trial will not be set for at least twelve months after the filing of this Notice of Removal (that is, approximately 85 weeks after Plaintiff's alleged employment termination)—at which point, Plaintiff's amount in back pay claim will plausibly approximate $83,203.95 (calculated as $978.87 weekly wages over 85 weeks). Thus, Plaintiff's claim for lost wages alone satisfies the amount in controversy requirement. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (plaintiff's calculation that plaintiff

would be owed more than $75,000 in backpay if he was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (plaintiff's reasonable calculation that plaintiff's backpay exceeds $75,000 sufficient to establish the amount in controversy).

28.     Furthermore, Plaintiff also seeks front pay wages. Plaintiff's potential front pay damages may also be considered in establishing the amount in controversy. *See Chavez*, 888 F.3d at 417-18 (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."). Such damages can include pay for multiple years of employment. *See, e.g.*, *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages). Here, therefore, Plaintiff in theory seeks front pay damages for multiple years, as he is only Thirty-Five (35) years old. Bonilla Decl., ¶ 12. Assuming Plaintiff merely obtains two years of front pay damages, this would amount to $101,802.42 (calculated at an annual rate of compensation of $50,901.21 over two years). Thus, Plaintiff's front pay claim alone also exceeds the threshold amount in controversy for diversity jurisdiction.[2]

29.     Plaintiff's allegations of emotional distress damages may also be considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Plaintiff alleges work-related emotional distress, including embarrassment, humiliation, emotional hurt, and financial desperation. *See* Drapalski Decl., ¶ 4, **Exhibit A** (Compl. at ¶ 17.) Employment cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal. Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs were awarded $375,000

---

[2] Wayfair again denies all of Plaintiff's allegations and reserves all defenses, including but not limited to the failure to mitigate defense. To that end, Wayfair strongly denies Plaintiff would be entitled to front pay damages.

and $225,000 for emotional distress damages). Accordingly, Plaintiff's claim for emotional distress injuries plausibly establishes the amount in controversy.

30.   Plaintiff's claim for punitive damages can also be considered when assessing the amount in controversy. Wrongful termination cases brought against businesses in California have resulted in punitive damages awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *see also, Dunn v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *Richmond v. Allstate Insurance Co.*, 897 F.Supp. 447, 451 (S.D. Cal. 1995); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount of $75,000). Accordingly, Plaintiff's punitive damages claim plausibly establishes the amount in controversy.[3]

31.   Plaintiff has also demanded attorneys' fees, which are recoverable under the statutes on which he has sued. If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002). A plausible estimation of an attorneys' fee award in this case easily exceeds $75,000. *See Pande*, 2008 WL 906507, at *9 (awarding attorneys' fees of $464,938 to plaintiff who prevailed on claims for FEHA retaliation and wrongful termination in violation of public policy).

32.   Based on the foregoing, Plaintiff's distinct claims for damages taken alone and together demonstrate that the amount in controversy is well above the jurisdictional threshold, even when only looking at lost wages:

---

[3] Wayfair strongly denies Plaintiff would be entitled to any punitive damages and plans to move to summarily dismiss any such claim for damages. Notably, Wayfair denies any and all allegations in the State Lawsuit and denies any wrongdoing.

| Plaintiff's Claim Damages | Amount in Controversy |
|---|---|
| Lost Wages | $83,203.95 (through approximate November 6, 2026 Trial) |

33. Thus, Plaintiff's distinct claims for damages therefore plausibly exceed the minimum jurisdictional threshold. Accordingly, removal is appropriate.

34. In sum, the evidence in the Complaint itself is sufficient to establish that Plaintiff has placed in controversy an amount plausibly exceeding the jurisdictional minimum amount of $75,000.00, exclusive of costs and interest. Accordingly, the State Lawsuit may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## V.     PROCEDURAL PREREQUISITES

35. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Riverside County Superior Court, where the action was filed. 28 U.S.C § 1441(a) ("Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (Eastern Division of the Central District of California) embraces Riverside County Superior Court, which is where Plaintiff's Complaint was filed and where the State Lawsuit is currently pending. Accordingly, this Court is the appropriate court to which to remove this action.

36. As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Plaintiff's attorneys of record, Jacob Nalbandyan and Charlene Nercess of Levin &

Nalbandyan, LLP. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to the Declaration of Anet Drapalski as **Exhibit B** (without exhibits as the exhibit is this Notice). Drapalski Decl., ¶ 5, **Exhibit B**. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Riverside.

37. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Lawsuit served on Wayfair or filed by it are attached to this Notice of Petition for Removal as **Exhibit A–B.**

38. This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

39. In filing this notice, Wayfair does not waive any defenses.

40. In filing this notice, Wayfair does not admit any of the allegations made in Plaintiff's State Lawsuit.

### VI. CONCLUSION

41. Complete diversity of citizenship exists between Plaintiff and Wayfair. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Wayfair has properly removed the State Lawsuit to this Court.

42. Based on the foregoing, Wayfair prays that the State Lawsuit be removed from the Superior Court of California, County of Riverside, to the United States District Court for the Central District of California (Eastern Division).

Dated: November 6, 2025         Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Anet Drapalski*
Anet Drapalski
Virginia Wong
Attorneys for Defendant
WAYFAIR LLC

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On November 6, 2025, I served the following document entitled **DEFENDANT WAYFAIR LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C §§1332, 1441 AND 1446** on all the appearing and/or interested parties in this action as follows:

Jacob Nalbandyan
Charlene Nercess
LEVIN & NALBANDYAN, LLP
11132 Ventura Blvd.
Los Angeles, CA 91604
Phone: (213) 232-4848
Fax: (213) 232-4849

Attorney for Plaintiff,
*Vincente Martin Angulo Santillano*

Email: jnalbandyan@intriallawyers.com
cnercess@intriallawyers.com

☒ **[by MAIL]** – I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice the enclosed document(s) will be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **[by ELECTRONIC SERVICE]** – **COURTESY COPY ONLY** Pursuant to an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the State of California at whose direction the service was made.

Executed on November 6, 2025, at Los Angeles, California.

*/s/ Francine Stinnett*
Francine Stinnett