UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-02984-SSS-DTBx | Date | January 6, 2026 |
|---|---|---|---|
| Title | *Vicente Martin Angulo Santillano v. Wayfair LLC et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 15]**

Before the Court is Plaintiff's Motion to Remand Case to Riverside County Superior Court filed on December 8, 2025. [Dkt. No. 15, "Motion"]. Defendants submitted an Opposition on December 19, 2025, and Plaintiff filed his Reply on December 26, 2025. [Dkt. No. 17, "Opposition" or "Opp."; Dkt. No. 18, "Reply"]. The Court **DENIES** the Motion.

**I.      FACTUAL AND LEGAL BACKGROUND**

Plaintiff Vicente Martin Angula Santillano began working for Defendant Wayfair LLC ("Wayfair") as a Warehouse Associate on March 21, 2025. [Dkt. No. 2 ¶ 11, "Complaint"]. In his job as a Warehouse Associate, Plaintiff was responsible for operating forklifts, picking up boxes, and scanning boxes. [*Id.*].

Beginning around January of 2024, Plaintiff made arrangements with supervisors and managers to leave work early and take his prematurely born son to physical therapy. [Complaint ¶ 12]. Months later in June of 2024, a new

supervisor named Ese took over and began assigning Plaintiff to extra tasks as well as tasks in different departments.  [*Id.* ¶ 13].  Plaintiff still needed to leave work early to accommodate his son's appointments.  [*Id.* ¶¶ 13, 14].  Around this time, one of Plaintiff's supervisors allowed him to leave for these appointments by using unpaid emergency time-off, while another supervisor named Jairo requested that Plaintiff provide a doctor's note to support his need to leave work early.  [*Id.* ¶ 14].  When Plaintiff provided a doctor's note, Jairo "refused to accept it" and instead told Plaintiff to apply for an intermittent leave of absence.  [*Id.*].

Plaintiff then received approval for a leave of absence around September 10, 2024.  [Complaint ¶ 14].  Around February of 2025, Plaintiff returned from his leave of absence.  Later that month, Plaintiff was placed on administrative suspension.  [*Id.* ¶ 15].  On March 21, 2025, Plaintiff was notified via email regarding his termination.  [*Id.* ¶ 16].

On September 11, 2025, Plaintiff filed the underlying suit against Defendant in the Riverside Superior Court, bringing various state law claims alleging discrimination and other violations of California law.  [*See generally* Complaint].

Defendant Wayfair removed the suit to federal court on November 6, 2025, on the basis of diversity jurisdiction.  [*See* Dkt. No. 1, "Notice of Removal"].  In the Notice of Removal, Defendant contends that complete diversity of citizenship exists, and that the amount in controversy exceeds the jurisdictional amount of $75,000.  [Notice of Removal at 3–11].

Plaintiff now seeks to remand the case back to the Riverside County Superior Court, challenging whether the amount in controversy meets the jurisdictional threshold.  [*See generally* Motion].  Wayfair maintains that Plaintiff's economic damages as well as emotional distress and punitive damages would satisfy the amount in controversy required to remain in federal court, and thus that the Court should deny the Motion.  [*See* Opp. at 10–19].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction."  *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

### III.   DISCUSSION

The sole dispute between the parties in Plaintiff's Motion to Remand is whether the amount-in-controversy requirement is met for diversity jurisdiction. [*See* Motion at 5–9; Opp. at 10–19; *see generally* Reply].

Where, as here, a complaint does not demand a specific sum, "the notice of removal may assert the amount in controversy." [*See* Complaint]. 28 U.S.C. § 1446(c)(2)(A); *see Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (stating that where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000" (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997))). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Where the plaintiff contests the amount alleged in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(B)).

Upon reviewing the cases and the pleadings, the Court concludes that Wayfair has met its burden of proving the amount-in-controversy requirement. Defendant alleges in the Notice of Removal that the potential damages Plaintiff may recover in this Action is at least $75,000. [Notice of Removal at 6–11]. Included in this figure are the following estimates made by Defendant for: (1) Plaintiff's economic damages, or lost wages, in the amount of $32,302.71; (2) emotional distress damages; (3) Plaintiff's attorneys' fees in excess of $75,000; and (4) punitive damages that would alone exceed $75,000. [*See id.* at 8–10].

Plaintiff seeks to recover for "past and future economic damages" associated with Defendant's alleged conduct. [Complaint at 18]. The Complaint also requests non-economic damages and alleges that he was "embarrassed, ashamed, humiliated, emotionally hurt, and in financial desperation" following his termination. [*Id.* ¶¶ 17; *id.* at 18]. The Court interprets this pleading, as Defendant does, as a request for emotional distress damages. [*See* Notice of Removal at 6; *see also* Opp. at 14].

In the Notice of Removal, Defendant posits that Plaintiff "earned an hourly rate of $20.75" at the time of termination, and that he will be alleging exactly 33 weeks of alleged past lost wages to date. [Notice of Removal at 8]. With these assumptions, Defendant calculated that the 33 weeks for which Plaintiff seeks past lost wages would amount to "approximately $32,302.71 (i.e., $978.87 weekly wages over 33 weeks) as of the date of this Notice of Removal." [*Id.* at 8]. Based on the Motion, Plaintiff does not seem to oppose this figure. [Motion at 6–7].

Instead, Plaintiff objects to Defendant's estimation of Plaintiff's lost wages because it does not consider Plaintiff's duty to mitigate. [Motion at 6]. Plaintiff cites to California caselaw requiring plaintiffs to take reasonable steps to mitigate their damages. [*Id.*].

However, mitigation of damages (or a plaintiff's failure to do so) constitutes an affirmative defense. *See Mize-Kurzman v. Marin Comm. College Dist.*, 136 Cal.Rptr.3d 259, 291 (Cal. Ct. App. 2012). The Ninth Circuit has held that potential affirmative defenses do not reduce the amount in controversy for purposes of establishing federal jurisdiction. *See Perez v. Alta-Dena Certified Dairy*, LLC, 647 F. App'x 682, 684 (9th Cir. 2016); *see also Jackson v. Compass Grp. U.S.A., Inc.*, No. CV 19-4678 PSG, 2019 WL 3493991, *4 (C.D. Cal. July 31, 2019) (holding that mitigation of damages is an affirmative defense and therefore not relevant to a determination of the amount in controversy). Thus, any offset to the amount in controversy as calculated by Defendant from Plaintiff's mitigation

efforts cannot be considered by this Court. The Court, therefore, accepts Defendant's calculation of economic damages in this case as totaling at least $32,302.71.

As for emotional distress damages, Plaintiff is correct that Defendant has not cited any analogous cases alleging similar violations that demonstrate comparable facts. [Motion at 7]. However, the Court recognizes that it has previously applied a 1:1 ratio to emotional distress and economic damages for jurisdictional purposes where Plaintiff failed to provide any reasonable estimate of such damages. *See Garfias v. Team Indus. Serv., Inc.*, No. LACV1704282JAKAGRX, 2017 WL 4512444 at *5 (C.D. Cal. Oct. 10, 2017).

Moreover, the amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). California law allows the recovery of punitive damages based on discrimination claims and wrongful termination. *Tameny v. Atl. Richfield Co.*, 27 Cal.3d 167, 176 (1980); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033–34 (N.D.Cal.2002). Much like emotional distress damages, courts have often estimated a 1:1 ratio between punitive and compensatory damages in calculating the amount in controversy. *Jackson v. Compass Grp. U.S.A., Inc.*, No. CV 19-4678 PSG, 2019 WL 3493991, at *6 (C.D. Cal. July 31, 2019). Where the compensatory damages would amount to $32,302.71, the Court believes a 1:1 ratio of that figure for emotional distress and punitive damages would be appropriate here.

Therefore, in considering the total damages, which include economic, non-economic, and punitive damages, the amount in controversy would amount to at least $96,908.13. This figure independently meets the jurisdictional threshold, and would only be greater when considering Plaintiff's request for attorney's fees.

For the reasons discussed above, the Court finds Defendant's measure of economic and non-economic damages along with punitive damages exceeds the jurisdictional minimum.

## IV.     CONCLUSION

Because Defendant has met its burden to establish the jurisdictional minimum in this action, the Court finds diversity jurisdiction exists over this case. 28 U.S.C. § 1332(a). Thus, the Court finds removal was proper under 28 U.S.C.

§ 1441(a) and **DENIES** Plaintiff's Motion.  [Dkt. No. 15].  The hearing scheduled on January 9, 2026 is **VACATED**.

    **IT IS SO ORDERED.**